No. 27,441.

REED ELLIS PITCHER, *Appellee,* v. D. W. PITCHER, THOMAS HARTLEY and D. W. PITCHER, as Executor of the Estate of SHERMAN A. PITCHER, Deceased, *Appellants.*

### SYLLABUS BY THE COURT.

1. WILLS—*Mental Capacity—Special Findings—Evidence.* The proceedings in an action to contest a will considered, and *held,* findings of the jury that testator lacked mental capacity to make the will, approved and adopted by the court, were sustained by evidence.

2. SAME—*Generally.* Minor assignments of error considered, and held to be without merit.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 11, 1927. Affirmed.

*David F. Carson* and *Russell L. Stephens,* both of Kansas City, for the appellants.

*James P. Fox,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to contest a will, on the ground the testator lacked testamentary capacity and was unduly influenced. The jury returned findings of fact that the testator was not mentally capable of making the will, and was unduly influenced. The court approved and adopted the findings, and rendered judgment accordingly. Defendants appeal.

The chief grievance of defendants is that the jury and the court found the facts contrary to defendants' view of them. The abstracts contain 135 printed pages of evidence bearing on the subject of testamentary capacity and undue influence. The evidence was conflicting, and was susceptible of different interpretations. It would serve no useful purpose to summarize and debate the evidence. It was amply sufficient to sustain the finding of lack of mental capacity to make a will on April 12, 1924, the day the will was made, and the finding that the testator was induced to make the will through undue influence of the principal beneficiary need not be discussed.

There is nothing else of importance in the case. Certain witnesses who testified they believed the testator was insane gave poor reasons

Appeal and Error, 4 C. J. pp. 776 n. 57, 842 n. 58, 865 n. 41, 866 n. 51, 54. Wills, 40 Cyc. p. 1023 n. 29; 28 R. C. L. 85, 108.

for their opinions. The circumstances affected the weight and not the competency of the evidence, and if the evidence were not competent the presumption is the court disregarded it when it considered the subject of approval or disapproval of the jury's findings. The instructions to the jury on the subject of mental capacity to make the will were full, clear and correct, and show the court fully comprehended and properly applied the law. A contention the court did not give independent consideration to the facts is not sustained by the record. The findings are not inconsistent with each other. There is nothing to indicate that the jury were influenced by prejudice or passion, and approval and adoption of the jury's findings by the court is conclusive that they were not.

The contestant moved that the costs be taxed to the contestees personally. The contestant had no legal right to such an order. The statute leaves the taxing of costs in such cases to the discretion of the district court, and this court does not feel authorized to interfere on the ground of abuse of discretion.

The judgment of the district court is affirmed.